# G. W. Chapman v. Gilbert Lacour.

In a suit by the vendor against the vendee and a subsequent purchaser, for the purchase money and the enforcement of the vendor's lien, the defendants cannot object that subsequent encumbrancers of the land, as by deed of trust, are not joined in the suit. They may make themselves, but are not necessary parties; nor are they affected by the judgment, if not made parties.

Appeal from Chambers. Tried below before the Hon. James M. Maxcy.

Suit by Gilbert Lacour against W. C. Lacey on a note of $500, given for two tracts of land, and against G. W. Chapman as the purchaser of the land from Lacey, praying for judgment against the former for the money, and a decree subjecting the land to the vendor's lien, and a sale thereof. Suit filed January 20th, 1859. Chapman answered that when he purchased the land from Lacey on the 8th of October, 1856, he executed to him his note for $500, due two years after date, secured by a deed of trust thereon, which was duly recorded. That, before the maturity of the note, Lacey transferred the note and the deed of trust, for a valuable consideration, to one F. Simms, without notice of the vendor's lien, and that he still holds the same.

Also, that on the 1st day of June, 1858, he executed to Hiram Close and James A. Cushman two notes for $500 and $1150, respectively, one of which was due on the 1st day of January, 1859, and the other on the 1st day of July, 1859, which he secured to the payees by a mortgage on the land, which was duly recorded; and that they had no notice of the plaintiff's lien. He prayed that Simms, Close and Cushman be made defendants.

The plaintiff excepted to the sufficiency of the answer, and the exceptions were sustained.

Judgment by default as to Lacey. Verdict of the jury finding all the allegations of the petition true, and judgment according to the prayer of the petition.

*E. B. Pickett*, for the appellant, cited Sayles' Practice, 114; Hill v. Hill, 11 Tex. Rep., 526; Story's Equity Pl., sec. 76a, 186.

*C. L. Cleveland*, for the appellee.

BELL, J.—There was no error in the judgment of the court below sustaining the exception to the plea of non-joinder of parties, interposed by the defendant, Chapman.    Although Simms, and Close and Cushman might have made themselves parties to the suit, and asserted their respective rights, if they had any, yet they were not necessary parties, and their rights are in no respect affected by the judgment in this cause.

The judgment of the court below is affirmed.

Judgment affirmed.