B. S. WOOD v. F. A. LOUGHMILLER.

1. SURVEYS—CONSTRUCTION OF CALLS.—See discussion of testimony held insufficient to show a deficiency in the quantity of land surveyed, in a suit for purchase-money, and defense asserting a partial failure of consideration.
2. PARTIES IN SUIT TO ENFORCE VENDOR'S LIEN.—In a suit to enforce the vendor's lien, the defendant cannot bring in his own vendee as a party defendant, if resistance be made by the plaintiff.

APPEAL from Kaufman. Tried below before the Hon. J. G. Eblen.

This was a suit on a note given for the purchase-money for one-half of a survey in the name of Thomas Beady, made upon a vacant league in the block of league surveys known as "King's block," mentioned in Jones v. Burget, 46 Tex., 284. The tier of surveys in the block in which the Beady location was made, was short 507 varas east and west.

The Beady survey called for the northwest corner of the lapsed location, as shown in the surveys of King's block; called for the entire length of north line; thence southwest, &c., following the description of the field-notes of the original survey in the block, but leaving out two small surveys made prior to the Beady location.

It was insisted that the Beady survey fell short in quantity to the extent of 507 varas off the southeast side.

It seems that there was no testimony that the land east of the Beady survey was in fact located, or that the survey in name of Colwell, in conflict with the 507 varas on the southeast side of the Beady survey, was covered by a valid or by an older survey.

From this statement, the opinion will be understood.

*J. J. Hill*, for appellant, cited—

I. On subject of surveys: Chinoweth v. Haskell, 3 Pet., 92; Harry v. Graham, 1 Dev. & Bat., 78; Booth v. Upshur, 26 Tex., 64; McCown v. Hill, 26 Tex., 361; Booth v. Strip-

pleman, 26 Tex., 436; Hubert v. Bartlett, 9 Tex., 103; Hubert v. Bartlett, 21 Tex., 20; Jones v. Burgett, 46 Tex., 289; Phillips v. Ayres, 45 Tex., 601; George v. Thomas, 16 Tex., 87; Shipp v. Miller's Heirs, 2 Wheat., 316; McIver v. Walker, 9 Cr., 173; Ralston v. McClurg, 9 Dana, 338; Preston v. Bowmar, 2 Bibb, 495; Evans v. Weeks, 6 Rich. S. C. R., 83.

II. On subject of parties: Cannon v. McDaniel, 46 Tex., 314; Delespine v. Campbell, 45 Tex., 628; Preston v. Breedlove, 45 Tex., 50; Carter v. Attoway, 46 Tex., 108.

*Robertson & Robertson*, for appellees.

GOULD, ASSOCIATE JUSTICE.—The appellant resisted the payment of the obligation sued upon, on the ground that there was a deficiency in the quantity of the land in payment for which it was given. To establish this deficiency, it was not enough for him to show that the southern and western lines of the Beady survey were to be located as claimed by him, unless the eastern corner and southeastern line were also located as he claimed, viz., 507 varas short of the distance called for in the field-notes. There is no evidence in the record that justifies this location of the eastern corner, unless it be that such a location was necessary to make the survey correspond with the system of surveys known as "King's block"; or unless it be conceded that the Colwell survey, with which it would, if located at the distance called for in the grant, conflict, was an older and valid survey. The former ground has not been assumed, and, indeed, would have been inconsistent with appellant's theory of the case, which is, that the Beady survey is to be laid off by course and distance as the controlling calls. It is claimed, however, in argument, that the trial below proceeded on the implied concession of the validity of the Colwell survey, and that because of the conflict with that survey, which would otherwise ensue, the eastern corner and southeastern line must be located as

claimed. There is nothing in the record to establish such a concession, or the validity of the Colwell survey. The case was tried without a jury, and, for aught that appears to the contrary, may have been decided on the ground that the eastern corner of the Beady survey was to be located at the distance from the beginning corner called for in the grant, and not on the ground that the southern and southwestern lines extended so as to leave no vacancies, taking up the entire Murphy league and labor survey, with the exception of the Peters 640 and the Carter 320. The brief of counsel for appellant is mainly devoted to a question on which we do not find it necessary to pass; for however that question be decided, (and it is not intended to intimate any opinion upon it,) the deficiency in the quantity of the land was not established.

The defendant, it seems, had conveyed the land to Dasheill & Waters, from whom he had taken an obligation similar to that sued upon, and one of the errors assigned is, that the court sustained exceptions to so much of defendant's answer as sought to make Dasheill & Waters parties defendant. Assuredly, the plaintiff might have made those to whom his vendee had conveyed the land parties defendant; and if he had notice of their purchase, and failed to join them in the suit, their rights in the land would not be affected by the judgment. (Preston *v.* Breedlove, 45 Tex., 50; Byler *v.* Johnson, Id., 509; Cannon *v.* McDaniel, 46 Tex., 303.) But the defendant had no right to have his vendees joined as defendants, and he was not injuriously affected by the action of the court in sustaining the exceptions. (Chapman *v.* Lacour, 25 Tex., 94.)

Of the other assignments of error, it is deemed sufficient to say, that we find no error sufficient to entitle appellant to a reversal of the judgment. Accordingly, the judgment is affirmed.

                                        AFFIRMED.