GEORGE SILBERBERG ET AL. V. SILAS PEARSON.

No. 2641.

75  287
83  301

1.  **Necessary Parties.**—In a suit to cancel a deed brought by the vendor, a subsequent purchaser from the vendee is not a necessary though a proper party defendant.

2.  **Pleading.**—Though the plaintiff, in his special prayer for relief, may not ask specifically for the relief to which under the pleadings and facts he may be entitled, yet under the prayer for general relief the court may submit to the jury the issues arising on the pleading and evidence. Thus in a suit to cancel a deed which contains a prayer for general relief, if the defendant sets up title in himself under the deed on which issue is joined, the suit becomes practically an action of trespass to try title, and instructions and judgment applicable to the question of title are appropriate.

3.  **Charge of Court.**—It is not error for the court in its charge to the jury to use the words "if the evidence shows you," instead of the language, "if you believe from the evidence," which is more commonly used.

4.  **Deed—Mortgage.**—A deed to the homestead, absolute in form, may be shown by parol to have been intended as a security for debt, conveying no title.

APPEAL from Red River. Tried below before Pres. C. Thurmond, Special District Judge.

The opinion states the case.

*Swäine & Burdett* and *Hale & Hale,* for appellants. — 1. The vendee, or assignee of Silberberg Bros., to whom the land had been conveyed before the suit was brought, to-wit, Isidor Silberberg, was a necessary party, and when the fact was made known to the court it should have required him to be brought in, in order that all clouds be removed and all questions growing out of or connected with the same transaction be settled.

2. Under the issues made by the pleadings the court ought to have instructed the jury to first ascertain from the evidence whether the deed was obtained by fraud; second, whether it was intended as a mortgage to secure a debt; third, was the land a homestead at the date of the execution of the instrument. Neither the charge nor the verdict was authorized by the issues made. Philips v. Hill, 3 Texas, 397; Paschal v. Acklin, 27 Texas, 192; Kesler v. Zimmerschitte, 1 Texas, 50; Thompson v. Tinnin, 25 Texas Supp., 56; Kerr v. Hutchins, 46 Texas, 390; Anderson v. Webb, 44 Texas, 151; Campbell v. Everts, 47 Texas, 107.

*Chambers & Doak,* for appellees.—1. Isidor Silberberg, the trustee named in the deed of trust proposed to be introduced in evidence by appellants, is not a necessary party to this suit. Chapman v. Lacour, 25 Texas, 94; Wood v. Loughmiller, 48 Texas, 205; Metcalf v. Williams, 104 U. S., 95; 2 Jones on Mort., sec. 1410; Wofford v. McKinna, 23 Texas, 36; 1 Jones on Mort., sec. 65.

2. The court did not err in the third paragraph of his charge as claimed by appellants. He used no such language as "if it is shown." Edring-

ton v. Newland, 57 Texas, 629, 630. "Shows" as a transitive verb is stronger than belief. Webster's Dic., 5th definition of shows.

3. If appellants wanted special issues submitted to the jury they should have asked them, and if the charge of the court was not as full and explicit as they wanted they should have submitted special instructions, or in some way called the attention of the court to the propositions they wished charged upon, and having failed to do this they can not now complain. Johnson v. Granger, 51 Texas, 42; Railway v. Casey, 52 Texas, 112; Railway v. O'Donnell, 58 Texas, 27; Galveston Oil Co. v. Malin, 60 Texas, 645; Endick v. Endick, 61 Texas, 559; Hays v. Hays, 66 Texas, 609, 610.

4. The verdict of the jury is responsive to the issues; the judgment does not go beyond the authority given by the verdict; both are sustained by the pleading and the evidence, and the court did not err in overruling the motion for a new trial. Ragland v. Wisrock, 61 Texas, 393; Loving v. Williken, 59 Texas, 425; Davis v. Brewster, 59 Texas, 96; Hays v. Hays, 66 Texas, 607.

ACKER, PRESIDING JUDGE.—Silas Pearson brought this suit for himself and as next friend for his and his deceased wife's minor children against George Silberberg, Leopold Silberberg, and J. C. Brewer, to cancel a deed made by Silas Pearson and wife to George and Leopold Silberberg, to remove clouds from their title, and to be quieted in their possession of the land described in the petition, and to recover rent for about fifty acres of the land, which they alleged they had been ejected from by the defendants.

Plaintiffs sought to cancel the deed to defendants Silberberg upon the grounds that it was obtained by fraud, and although it was a deed in form, it was intended to be and was in fact but a mortgage on the homestead of the vendors.

Defendant Brewer disclaimed any interest in the land.

Defendants George and Leopold Silberberg answered by general denial, and specially pleaded title in themselves under the deed from Pearson and wife, describing it, and prayed for damages and restitution of the premises.

There was verdict in favor of plaintiffs against all defendants "for the land described in their petition, and for them against defendants Silberberg for one hundred and fifty dollars as rent for fifty acres of land for the year 1889," upon which judgment was rendered for the land, canceling the deed under which defendants claimed, removing all cloud from plaintiffs's title, and for one hundred and fifty dollars rent.

On the trial defendants offered in evidence a deed of trust from themselves to Isidor Silberberg, conveying the land in controversy for the benefit of their creditors. The assignment of error states that this instrument

was offered "to show that a necessary party was not before the court." It was objected upon the ground that "Isidor Silberberg was not a neces-sary party." ⸱ The objection was sustained, and this ruling is assigned as error.

The defendants had no right to have their vendee made a party defend-ant, even if their answer had specially set up the conveyance to him and asked that he be made a party. Plaintiffs might have joined him as de-fendant, if they had seen proper to do so, but he was not a necessary party, and his rights, if he has any, are not affected by the judgment. Chap-man v. Lacour, 25 Texas, 94; Wood v. Loughmiller, 48 Texas, 205. We think the court did not err in excluding the deed of trust.

The second assignment of error is: "The court erred in the third para-graph of charge in instructing the jury to find for plaintiffs for the prem-ises in controversy, if it is shown that the deed from Pearson and wife to Silberbergs was intended as a mortgage, because the pleadings and prayer do not authorize such a charge, but the jury ought to have been instructed to find whether the instrument was intended to be a deed or a mortgage, and the court apply the law."

The third paragraph of the charge is as follows: "If the evidence shows you that at the time of the execution and delivery of said deed from Pearson and wife to defendants Silberberg the premises conveyed thereby were the homestead of the said Pearsons, and if it further shows you that when said deed was executed and delivered it was procured to be so executed and delivered upon the understanding and agreement that it should be taken by defendants Silberberg as security for the in-debtedness of said Pearsons to defendants, said deed is null and void, and you will find for plaintiffs the premises in controversy; but if the evi-dence does not show you that said deed was made or procured to be made to said defendants under such agreement and understanding, you will find for defendants Silberberg."

If the case made by the plaintiffs' petition was not technically an ac-tion to try title, it was substantially, and if it lacked any of the essential characteristics of such action we think they were supplied by the answer of the defendants. The answer set up title in the defendants, and asked affirmative relief by having the land decreed to them. Plaintiffs claimed that while the instrument under which defendants claimed the land was in form an absolute deed, it was in fact but a mortgage upon the land, which was their homestead, and that it was so understood and intended by the parties at the time it was executed. Defendants claimed that the instrument was an absolute deed executed upon a valuable consideration, and that they acquired title to the land thereby. The pleadings made the title to the land the very gist of the action, depending upon a ques-tion of fact, which we think the court fairly and clearly submitted to ⸱

the jury. It is true that the special prayer of the petition is not for judgment for the premises, but there is a prayer for general relief, which we think authorized the charge. The charge was not inconsistent with the case made by the pleadings, nor with the special prayer. Although the plaintiffs in their special prayer may have mistaken the relief to which they were entitled, in response to the prayer for general relief they may be awarded the relief to which the pleadings and evidence may entitle them. Trammell v. Watson, 25 Texas Supp., 210.

. We think the paragraph of the charge now being considered leaves to the jury in very explicit language the important and controlling question of fact, whether the instrument under which defendant claimed was a. deed or a mortgage, and instructs them to "find for plaintiffs the premises in controversy" if they should find that the land was homestead and the instrument a mortgage. We think the effect of the language of the charge is no more than telling the jury they should, if they found the land was homestead and the instrument a mortgage, return their verdict for plaintiffs. We think the second assignment of error is not well taken.

It is contended under the third assignment of error that the court erred in the third paragraph of the charge above quoted, in charging the jury, "if the evidence shows you that the instrument was intended to be a mortgage," etc., instead of charging them that they ought to believe such fact from the evidence.

We do not think it probable that the jury were misled by the language here complained of. "If the evidence shows you" we think means nothing more than if you see or believe from the evidence, and the ordinary mind would receive substantially the same impression from one expression as from the other.

In the same paragraph the court instructed the jury, "but if the evidence does not show you" that the instrument was intended to be a mortgage, you will find for defendants; thus properly placing the burden of proof upon plaintiffs all the way through. If defendants thought the charge given insufficient, they should have asked a special charge upon the subject. As they did not do so, and as the general law applicable to the case was given to the jury, we think their complaint should not be sustained. Johnson v. Granger, 51 Texas, 42; Railway v. O'Donnell, 58 Texas, 27; Hays v. Hays, 66 Texas, 610.

Under the fourth and fifth assignments of error it is contended that "the pleadings do not justify the verdict, and the verdict is not responsive to the issue in the case, and the judgment is not authorized by the pleading, and the verdict and judgment are contrary to the evidence." ·

What we have said in discussing the second assignment of error disposes of most of these objections; and we deem it sufficient to say in this

connection that we think the pleadings and the evidence abundantly support the verdict, and that the verdict authorized the judgment.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted December 3, 1889.