## NIXON MORSE ET AL. V. J. V. TACKABERRY ET AL.

Decided January 5, 1911.

**1.—Receiverships—Suit Against Receiver—Statute.**

In the absence of statutory authority no suit can be maintained against a receiver unless brought by leave of the court in which the receivership is pending; and the Act of the Legislature of 1887, Sayles' Civ. Stats., art. 1483, which abrogates this rule affects only receiverships pending in the courts of this State, and can have no application to receivers appointed by a Federal court.

**2.—Same—Act of Congress.**

The Act of Congress (1888) permitting suits against receivers appointed by a Federal court without previous permission of the court, has been construed to apply only to suits against such receiver in which the cause of action is based upon some act or omission of the receiver, his predecessor, agent or employee in carrying on the business pertaining to the discharge of his duties as receiver.

**3.—Same—Suit for Land—Incidental Damages—Plea in Abatement.**

Pleading considered, and held to be primarily a suit for land, and a claim for damages against a defendant receiver for cutting timber from the land, a mere incident to the issue as to the title; hence a plea in abatement by the receiver on the ground that the suit was filed without leave of a Federal court by which he was appointed, was properly sustained.

**4.—Joint Tenants—Cancellation of Deeds—Joint Action.**

Owners of undivided interests in land may join in a common suit to cancel their separate deeds to their respective interests in the land, and the fact that the petition sets out the fractional interest of each and the acreage of such interest, would not affect their right to sue jointly.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower, Sr.

*V. A. Collins,* for appellants. *John B. Warren,* of counsel.—Appellants' first amended original petition set up a cause of action cognizable by the District Court of Liberty County, Texas, against Cecil A. Lyon and Joe S. Rice as receivers of the Kirby Lumber Company in respect to some act or transaction of theirs in carrying on the business connected with the property of the Kirby Lumber Company, and it was not necessary to allege or prove that they had obtained permission from the United States Circuit Court to sue the land receivers. 24 U. S. Stats. at Large, pp. 553, 554; Erb. v. Morasch, 177 U. S., 584; Texas, etc., Ry. Co. v. Johnson, 151 U. S., 81; Texas, etc., Ry. Co. v. Cox, 145 U. S., 593; McNulta v. Lockridge, 141 U. S., 327; Dillingham v. Russell, 73 Texas, 50.

The suit as made by the pleadings of the appellants was an action by tenants in common to recover land in Liberty County, and to remove clouds from their titles, and for damages for cutting timber from the land, each tenant in common claiming a certain designated undivided interest, and there was neither a misjoinder of parties plaintiff or causes of action. Silberberg v. Pearson, 75 Texas, 288; Naugher v. Patterson, 9 Texas Civ. App., 168; Garvin v. Hall, 83 Texas, 301; Bullock v. Sprowls, 93 Texas, 188; Wade v. Love, 69 Texas, 523; Ney v. Mumme, 66 Texas, 269; Sowers v. Peterson, 59 Texas, 216; Leland v. Eckert, 81 Texas, 230.

*Andrews, Ball & Streetman,* for appellees, Kirby Lumber Company and receivers.

*Stevens & Pickett,* for appellees, Gallias and Tackaberry.

PLEASANTS, CHIEF JUSTICE.—Appellants, Nixon Morse, Claude Tompkins and Susan James, joined by her husband, Lee James, brought this suit against appellees, J. V. Tackaberry, S. Gallias, the Kirby Lumber Company, and J. S. Rice and Cecil Lyons, receivers of said lumber company. The original petition alleged, in substance, that the plaintiffs as heirs of A. N. B. Tompkins, deceased, were the owners of certain undivided interests in a tract of 673 acres of land, a part of the Valentine E. Disboe one-third league survey in Liberty County. That on the 26th day of July, 1900, the 16th day of July, 1900, the 25th day of July, 1900, and the 10th day of December, 1900, respectively, the plaintiffs Nixon Morse, Claude Tompkins and Susan James, who was then Susan Tompkins, severally executed their respective deeds by which each of said plaintiffs conveyed to the defendant Tackaberry her undivided interest in said land. That at the date of the execution of each of said deeds the plaintiff grantor therein was unmarried and under the age of twenty-one years, and that the consideration for each of said conveyances was inadequate. Plaintiffs, their disabilities of

minority being removed, tendered into court the several amounts received by them as consideration for the execution of said deeds, and asked that defendants be required to accept same, and that each of the plaintiffs be permitted to repudiate her said deed, and that the same be cancelled in so far as it affects plaintiff's interest in said land. It is then alleged that under conveyance from the defendant Tackaberry the defendants Gallias and the Kirby Lumber Company are asserting claims to the land and the timber thereon, "and that said deeds being now of record are a cloud on plaintiffs' title." The prayer of the petition is as follows:

"Wherefore premises considered, plaintiffs pray the court that defendants be cited in terms of law to answer this petition, and that upon final hearing hereof plaintiffs have judgment cancelling and rendering forever null and void, in so far as same affect and seek to convey the interest of these plaintiffs in the land above described, the said deeds above set forth, and have judgment removing the cloud from plaintiffs' title caused thereby as to their interest in said land.

"Plaintiffs also pray that they have and recover of the defendants, S. Gallias and the Kirby Lumber Company, and its receivers, as receivers, their interest as above set forth in the above described 673 acres of land; and for all other and further relief, general and special, legal and equitable, to which they may be entitled under the facts; for costs of suit in this behalf expended, and thus they will ever pray."

This petition was filed on November 25, 1905. On February 15, 1906, defendants Kirby Lumber Company and J. S. Rice and Cecil Lyon, receivers, filed plea in abatement setting up the pendency of the receivership for said lumber company in the United States Circuit Court for the Southern District of Texas, and the failure of the plaintiffs to obtain permission of said court to bring this suit in the District Court of Liberty County against said company and its receivers, and prayed that the suit be dismissed as against said defendants. This plea was heard and sustained by the court on the day of which it was filed, and plaintiffs' suit against said defendants was dismissed.

On January 27, 1907, defendants Tackaberry and Gallias filed an answer containing a general denial and a special plea by the defendant Gallias in which he asserts title to the whole of the Disboe one-third league survey, and asks for recovery of same against the plaintiffs and one P. Bailey, who he asks be made a party defendant. He also pleaded that Arch McDonald had conveyed said land to him by general warranty deed, and asks that said McDonald be made a party defendant and, in event plaintiffs recover any portion of said land, that he have judgment against said McDonald on his covenants of warranty.

On September 18, 1908, plaintiffs filed an amended petition against all of the original defendants, containing the general allegations of the original petition, and in addition thereto the following:

"And plaintiffs further show unto the court that since the filing of the original petition herein, towit, on January 1, 1907, and subse-

quent thereto, the defendant, the Kirby Lumber Company, has entered upon said land and cut and removed therefrom 700,000 feet of merchantable pine timber of the reasonable market value of $5 per thousand feet, and manufactured it into lumber of the reasonable value of $15 per thousand, and have sold and removed the said lumber beyond the reach of these plaintiffs, making a total value of the timber of $3500, and a total value of the lumber of $10,500; and have cut and removed from said land 2500 ties, the timber of which is of the reasonable market value of 5 cents per tie, and of the reasonable market value of 25 cents per tie after being manufactured, making a total of $125 for the tie timber in the ties, and total of $625 for the ties as manufactured, or a grand total of $3625 for all the timber, and $11,125 for all the manufactured product."

In addition to the relief asked in the original petition, the amended petition contains a prayer for recovery against the defendants Kirby Lumber Company and its receivers of the sum of $11,125, the value of the timber alleged to have been taken from plaintiffs' land.

At the next term of court in February, 1909, the defendants Rice and Lyon again answered by plea in abatement setting up the pendency of the receivership and the failure of the plaintiffs to obtain of the court in which said receivership was pending permission to bring this suit. At the succeeding term of the court in August, 1909, the defendants Tackaberry and Gallias filed an amended answer in which they excepted to plaintiffs' petition on the ground of misjoinder of causes of action and of parties plaintiff.

Upon a hearing in the court below on August 30, 1909, the plea in abatement of the defendants Rice and Lyon, and the exception to the petition on the ground of misjoinder presented by the defendants Tackaberry and Gallias, were sustained, and, plaintiffs declining to amend, their suit was dismissed.

The first assignment of error complains of the ruling of the trial court sustaining the plea in abatement filed by the receivers, Rice and Lyon. At common law no suit could be maintained against a receiver unless brought by leave of the court in which the receivership was pending, and this rule, when not modified by statute, is sustained by the great weight of authority. Property in the hands of a receiver being in the custody and under the control of the court that appoints the receiver, its proper administration and management requires that the jurisdiction of such court in respect thereto shall not be interfered with by any other tribunal of equal or co-ordinate jurisdiction, and in the absence of statutory authority a court other than the one in which the receivership is pending should not entertain a suit against a receiver unless the suit is brought by leave of the court that appoints the receiver. The Act of the Legislature of 1887, Sayles' Civil Statutes, article 1483, which abrogates this rule, only affects receiverships pending in the courts of this State, and can have no application to receivers appointed by a United States court.

An Act of Congress passed in 1888 provides: "That every receiver

or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which said receiver or manager was appointed." This statute as construed by the courts only modifies the rule prohibiting suits against receivers without leave of the court in which the receivership is pending, to the extent of permitting such suits in cases in which the cause of action alleged is based upon some act or omission of the receiver, his predecessor, agent or employee in carrying on the business pertaining to the discharge of his duties as receiver.

The cause of action alleged in this suit is primarily one for the recovery of land and to remove cloud from title, and is not within the purview of the Act of Congress above quoted. The amended petition does allege that the Kirby Lumber Company cut and removed timber from plaintiffs' land, and seeks to recover against said company and the receivers as damages the value of said timber, but the right to recover such damages is merely incidental to the right to recover title to the land; and if we give the broadest intendment to the allegations of the petition and concede that they in effect charge that the company, acting by and through the receivers, cut and removed the timber, the essential character of the cause of action is not changed. The damages sought to be recovered are merely incidental to the alleged right to recover the land and are wholly dependent thereon.

The following authorities support the ruling of the trial court in sustaining the receivers' plea in abatement: Galveston, H. & H. Ry. Co. v. Pennefather & Co., 59 Texas Civ. App., 636 (126 S. W., 951); Bennett v. Northern Pac. Ry. Co., 50 Pac., 496; Smith v. St. Louis & S. F. Ry. Co., 52 S. W., 378; McNulta v. Lockridge, 141 U. S., 327; Texas & Pac. Ry. Co. v. Cox, 145 U. S., 593; Kerr on Receivers, 2nd ed., p. 196 et seq.

The second assignment complains of the ruling of the trial court sustaining the exception of defendants Tackaberry and Gallias to plaintiffs' petition on the ground of misjoinder of causes of action and of parties plaintiff. We think this assignment should be sustained. As before said, plaintiffs' cause of action is primarily for the recovery of their undivided interests in the land described in the petition. They sue as joint tenants claiming under the same title, and the fact that they allege the amount in acreage of the undivided interest owned by each, does not affect their joint ownership nor their right to join in a suit to recover the entire undivided interest in the land owned by them as such joint tenants.

In support of their right to recover the land they allege facts which entitle them to repudiate their sale and to have cancellation of the several deeds executed by them to the defendant Tackaberry, and pray for such relief; but the main purpose of the suit is the recovery of the land. The right to sue to have the several deeds to Tackaberry cancelled being ancillary to plaintiffs' right to sue jointly for the land, the causes of action could be properly joined. Silberberg v. Pearson,

75 Texas, 288; Bullock v. Sprowls, 93 Texas, 188; Wade v. Love, 69 Texas, 523.

It follows from the conclusions above stated, that the judgment of the trial court sustaining the plea in abatement of the receivers and dismissing the cause as to them and the Kirby Lumber Company should be affirmed, and the judgment sustaining the exception of the defendants Tackaberry and Gallias should be reversed and the cause remanded as to said defendants, and it has been so ordered.

*Affirmed in part; reversed and remanded in part.*