### GREAT SOUTHERN LIFE INS. CO. v. WILLIAMS et ux.
### No. 4344.

Court of Civil Appeals of Texas. Amarillo.
Jan. 28, 1935.

See, also, 77 S.W.(2d) 900.

Fred R. Switzer and Vinson, Elkins, Sweeton & Weems, all of Houston, and C. C. Small, of Amarillo, for appellant.

Otis Trulove, of Amarillo, for appellees.

HALL, Chief Justice.

This is an appeal from an order of the district court of Sherman county overruling the appellant's plea of privilege.

Appellee Williams and wife executed and delivered to the appellant their note for the sum of $9,000, bearing interest at the rate of 7 per cent. per annum, the principal sum payable $750 July 1, 1926, and $750 July 1, 1927, and the balance of $7,500 July 1, 1935. At the same time, for the purpose of securing said note, the appellees executed a deed of trust upon two separate tracts of land located in Sherman county. The appellees insist that the note was tainted with usury by reason of the fact that they were required to pay a commission of $500 to one H. B. Dewey, the agent of appellant, in order to secure the loan of $9,000. By a specific allegation they show they have paid $6,375 upon the principal, leaving a balance unpaid of $2,625. They allege they have tendered said balance to the appellant company, which the appellant has refused to accept in discharge of the indebtedness and lien. The prayer is that "upon a final hearing plaintiffs pray for judgment adjudicating the amount owing [by] the plaintiffs on said $9,000.00 principal to be the sum of $2,625.00, or whatever sum there may be remaining unpaid on said principal note after deducting therefrom all illegal interest paid by plaintiffs to the defendant on account of said loan, together with the principal sums paid thereon; that upon payment of such balance or tender of payment thereof to the defendant, plaintiffs have judgment cancelling said deed of trust lien given to secure said note and for the removal of the cloud upon plaintiffs' title to the above described lands created and existing by virtue of the record of said deed of trust in the deed of trust records of Sherman County, Texas, and plaintiffs further pray for any and all relief to which they may show themselves entitled under the law and the facts, whether the same be general or special, legal or equitable."

This case in its essential features is similar to Great Southern Life Insurance Co. v. Joseph L. Williams and others (Tex. Civ. App.) 77 S.W.(2d) 900, in which an opinion was rendered December 17, 1934. The two cases being between the same parties, the same issues are presented and practically the same contentions are made upon the appeal of both cases. We deem it unnecessary to enter into an extended discussion of the legal principles involved, because of the discussion and the citation of authorities sustaining the principles announced in the first case.

However, appellant contends in this case that appellee failed to prove essential facts entitling them to recover. For instance, it is insisted that there was no evidence that H. B. Dewey was at any of the times mentioned in the petition the agent of the Great Southern Life Insurance Company. This contention is without merit. Williams testified without contradiction that he paid $500 to Dewey, who was appellant's agent at that time. Upon a trial of a plea of privilege, the plaintiff is not required to adduce sufficient proof to establish his case by a preponderance of the testimony. He is only required to make out a prima facie case.

In Schallert v. Boggs (Tex. Civ. App.) 204 S. W. 1061, Judge Jenkins says a prima facie case is one in which the evidence in favor of the proposition is sufficient to support a finding in its favor if all of the evidence to the contrary be disregarded. 49 C. J. 1034.

Plaintiffs contend that they are entitled to maintain the suit in Sherman county under several subdivisions of R. S. art. 1995. Suffice it to say that they showed their right to maintain the suit in that county under subdivision 14 of said article of the statute, which provides in substance that suits to remove incumbrances upon the title to land or to quiet the title to land must be brought in the county in which the land or a part thereof may be. By their pleading and proof plaintiffs have brought themselves clearly within the requirements of this statute.

In view of the full discussion made of the questions in the former case between the same parties, we deem further discussion unnecessary.

The judgment is affirmed.