**TEMPLE TRUST CO. et al. v. LOGAN et ux.**

No. 4429.

Court of Civil Appeals of Texas. Amarillo.

May 20, 1935.

Bean, Duggan & Bean, of Lubbock, Critz & Woodward, of Coleman, and Jno. B. Daniel, of Temple, for appellants.

Vickers, Campbell & Evans, of Lubbock, for appellees.

MARTIN, Justice.

We interpret appellees' trial pleadings as a suit primarily for removal of cloud from title to real estate in Lubbock county, belonging to them, against appellants, who pretend and assert that a lien of record in Lubbock county in their favor is a valid and subsisting one, when in truth such lien is invalid and has no actual legal existence.

Appellees, in substance and effect, allege: The execution by them of a deed of trust on land, dated June 9, 1925, to secure Temple Trust Company for a loan by it to them of $2,700; the execution of a series of notes contemporaneously with said trust deed, aggregating $3,000, the last of which was for the sum of $1,100, due July 1, 1935, and which is the only one directly involved herein; facts in great detail, which show the usurious character of said loan, but which we omit for the sake of brevity, since the contract was conclusively proven to be usurious and is tacitly admitted to be so by appellants; the payment through the years of all of the principal of all of said series of notes except the $1,100 one; the payment of usurious interest yearly from January 1, 1926, to January, 1934, inclusive, on said contract, which aggregated $1,305.50; that applying this last-mentioned sum to the $1,100 note more than paid it; allegation of the collection of such usurious interest by both appellants, and prayed for " * * * judgment against the defendants and each of them, cancelling the aforesaid deed of trust lien on the property herein described and the note of $1100.00 and other evidences of the debt described, that plaintiffs' land and title therein be in all things quieted and every cloud by reason of said deed of trust removed, * * * and for such other and further relief, special and general, in law and in equity, to which they may show themselves justly entitled."

There was also a penalty prayed for, but recovery of this was denied, and this phase of the case is not involved here.

Appellants filed pleas in abatement, which in various ways raised the question that appellees' suit should be abated because permission to sue was not obtained from the federal court appointing H. C. Glenn receiver.

Answer was filed by appellant Glenn only. This consisted of special exceptions hereafter disposed of, a general denial, and a special plea admitting the execution and delivery of the series of notes described in appellees' pleadings, and then continued: "That said nine notes described in plaintiff's petition were sold and endorsed by Temple Trust Company to various and sundry investors long prior to the time this defendant was appointed receiver for said corporation, and none of said notes has ever been a part of the Receivership assets."

The pleas of abatement were heard by the trial court along with the case on its merits. These were overruled and judgment entered for appellees as prayed for.

The issues here are succinctly stated by appellants in their brief, which we copy:

"The appellants can not contend that the loan contract was not usurious. The only contentions presented by these appellants in this Court are:

"First, that the plea in abatement of H. C. Glenn, as Receiver for Temple Trust Company, to the cause of action of the appellees should have been sustained, because the appellees did not obtain permission of the Federal Court appointing H. C. Glenn Receiver to sue him as Receiver;

"Second, that judgment should not have been rendered against Temple Trust Company and H. C. Glenn, as Receiver for Temple Trust Company, cancelling the $1,100.00 note and lien securing payment of same, because it was not shown that either Temple Trust Company or its Receiver owned said note and lien securing payment of same and because it was alleged by the Receiver that said note and lien had never been any part of the assets of the receivership estate."

The case is disposed of on these alone, and no other question is considered or impliedly decided.

The contentions above may be conceded to be sound as abstract legal propositions, but any error in overruling them was, in our opinion, harmless under the particular and rather unusual facts found here.

■ This is the picture which backgrounds the above contentions:

Appellant, the Temple Trust Company, made a concededly usurious loan, void as to all interest from its inception. This loan was secured by a trust deed, placed of record in Lubbock county, where appellees' real estate was situated, and from the date of its filing constituted a cloud on appellees' title to the extent of all interest secured by same. This filing gave to appellees a cause of action for removal of such cloud from their title, triable in Lubbock county. Great Southern Life Ins. Co. v. Williams (Tex. Civ. App.) 78 S. W. (2d) 1063.

Appellees paid all the principal except $1,100, and paid to said Temple Trust Company before any receivership more than $1,200 usurious interest, which the law will apply to the payment of said $1,100 principal. The said note for $1,100 has long since been legally paid, and the lien, which is but an incident of the debt, has also been in law extinguished. This was the situation when a receiver was appointed for said company. Though the receiver avers said note was transferred to others prior to the receivership and had never been a part of the assets of said company in his possession, still he continued to demand and to receive usurious interest, though such note was not in his possession, was not the property of the receiver or of said company, and had been legally paid. His conduct amounted to the pretense that an invalid lien was a valid one, though at that time the note for which such lien was given had been paid and he did not even own same as receiver and never had. His plea of abatement contains no averment that title or possession of such note passed to him as receiver, and his answer contains the positive allegation that such note was never a part of the "receivership assets." Why then should this court dismiss a case because appellees have not secured permission from a federal court to litigate the validity of a note, which admittedly has never been brought within the jurisdiction of such court and over which it can exercise no authority whatever? The law does not require a vain and useless thing to be done. The rule invoked by appellants is founded in the main upon the necessity of preventing

confusion and dissipation of the assets of a receivership by litigation in numerous and different courts over property in the custody of the court first acquiring jurisdiction and possession of it through its receiver. As said by the United States Supreme Court: "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction." Lion Bonding & S, Co. v. Karatz, 262 U. S. 77, 88, 89, 43 S. Ct. 480, 484, 67 L. Ed. 871.

Every case cited by appellants, and we apprehend no respectable authority exists to the contrary, proceeds to announce the rule contended for, upon the hypothesis that the property involved in litigation was in the actual custody and had been brought within the jurisdiction and control of the court whose consent was to be had. Not so here.

The rule of common law, requiring such consent, has been modified by statute. That for the United States is as follows: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice." Section 125 of title 28, USCA; section 66 of the Judicial Code.

It is affirmed by appellees and denied by appellants that the cause of action pleaded against appellants comes within the terms of the quoted statute. Appellants cite the cases of Field v. Kansas City Refining Co. (C. C. A.) 9 F.(2d) 213; Mitchell v. Bowles (Tex. Civ. App.) 248 S. W. 459; Morse v. Tackaberry, 63 Tex. Civ. App. 487, 134 S. W. 273, and others of similar character, to sustain their contention under discussion. Appellees rely upon Hall v. Wilson (D. C.) 35 F.(2d) 189; Gableman v. Peoria, D. & E. Ry. Co., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220, and similar cases. None of these in their facts parallel the instant case, and are in point only in the principles discussed and announced. We do not think it could be said that the receiver here was sued "in respect of any act or transaction of his in carrying on the business connected with such property," which is the condition upon which suit may be brought without permission, contained in the quoted statute. Rather, it seems to us Glenn was purely an interloper in this transaction. He pretended to hold a note and lien he did not have and to assert a right which neither the corporation or receiver as such possessed. He was a volunteer having no right as receiver, or as agent for the corporation, to assert a right which constituted a cloud upon appellees' title. He could not therefore have been acting officially for either, in demanding and collecting usurious interest. However, his relation to the record title was such that his pretensions constituted a claim adverse to that of appellees and was a cloud upon their title. 34 Tex. Jur. 828. The injury from a cloud on title is a continuing one. Luker v. Anderson (Tex. Civ. App.) 10 S.W.(2d) 149. Of a suit to quiet title, it has been said: "The object of the suit is not to divest the defendants of rights. It is for the purpose of quieting the plaintiff's title, and presupposes its validity, but that he is disquieted and his title disturbed by the alleged unconscientious claims and pretensions of the defendants. His purpose is to have those claims judicially declared to be unfounded. Had the defendants disclaimed any title to the property, or any such pretensions as are ascribed to them, the plaintiff would have had no cause of action, and the petition should have been dismissed." Howards v. Davis, 6 Tex. 174, page 184.

██ Here, there was the assertion of a claim apparently valid according to the deed of trust records, but actually invalid, but which took extrinsic evidence to prove. This constituted a cloud on appellees' title and authorized the present suit. 34 Tex. Jur. 818; 5 R. C. L. p. 658; R. S. 1925, art. 1995, subd. 14. The actual pretenders, whose acts and conduct caused the "continuing injury" to appellees were before the court and judgment rendered against

them. The testimony is conclusive and undisputed. Their main legal defense here is that appellees should have, but did not get, permission to sue from a court who obviously could not have acted in the matter if it had been presented. We overrule this contention.

Finally, it is insisted that this case should be reversed because appellees made no proof of ownership of the note in question in appellants, and it being alleged by them "that said note and lien had never been any part of the assets of the receivership estate." This is a suit, as we see it, primarily to cancel a record lien. Appellants are conclusively shown to be the record owners of the lien and note in controversy. The appellants neither of record in Lubbock county, nor in their pleadings, have seen fit to disclose the name of the true owner of the note. It is not alleged or attempted to be shown that any written transfer of the lien had been made to such unknown owner. Apparently, he held nothing that could ever be legally recorded as a cloud on appellees' title. He could not have tendered a legal release of such lien. If appellees chose to pursue the present remedy of canceling the pretended record lien and note of appellants, what right have appellants, who claim to own neither, to complain of a possible injury to some third party? That they may not do so has been many times decided. 3 Tex. Jur. 1026, 1028; Rilling v. Schultze, 95 Tex. 352, 67 S. W. 401; Clark v. Richardson (Tex. Civ. App.) 247 S. W. 347. Certain it is that they have not been injured since neither owned anything touched by the judgment. It may be that appellees have not secured full and adequate relief, but we think the court had the power to cancel the pretended claims of appellants. The present relation of the alleged unknown owner of this note to the actual record is not such as to work injury to appellees' title. The actual record owner's claim has been reached. The other's rights, if any, may be decided when and if they are ever asserted and presented for decision. Suffice it to say that we are unable to agree with appellants' contention that appellees should be sent out on a fishing expedition to secure the name of an unknown owner to sue, who has never asserted any claim adverse to appellees, nor done any injury to their title.

The judgment is affirmed.