### ALLIED PAINT–PATTERSON SARGENT DIVISION–H. K. PORTER COMPANY, Inc., Appellant,

v.

### Dee E. WALLACE and Kenneth L. Wolfe, each Individually, and d/b/a Wolfe and Wallace Paint Contractors, Appellees.

No. 7562.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 14, 1966.

Robinson & Fotheringham, Amarillo, for appellant.

Charles L. Ballman, Borger, for appellees.

NORTHCUTT, Justice.

This is a suit upon a sworn account which was filed by the plaintiff, Allied Paint-Patterson Sargent Division-H. K. Porter Company, Inc., against the defendants, Dee E. Wallace and Kenneth L. Wolfe. Individually and d/b/a Wolfe and Wallace Paint Contractors, to recover the sum of $550.59 together with interest at the rate of six per cent per annum from January 1, 1964, together with attorney's fees in the sum of $150. The prayer in the plaintiff's petition prayed for the recovery of $150 and ———— attorney's fees and also for general relief. The defendants filed a general denial. Judgment was granted for the plaintiff for the sum of $150 with interest from January 1, 1964, at the rate of six per cent per annum plus $75 for attorney's fees. From that judgment the plaintiff perfected this appeal. Appellant filed its brief herein but appellees did not file any reply brief.

Plaintiff requested the court to file findings of fact and conclusions of law. The court entered its findings of fact and conclusions of law as follows:

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

"In response to the request of plaintiff in the above entitled and numbered cause, I make and file the following as my Findings of Fact and Conclusions of Law therein:

I.

"Based upon the itemized account marked Exhibit A attached to Plaintiffs Original Petition, the Itemized invoices and affidavit thereof and the unanswered request for admissions of both defendants on file herein, all of which were offered in evidence and not contradicted, I find the balance of the account due from defendants to plaintiff to be the sum of $550.59.

CONCLUSIONS OF LAW

"Plaintiff's prayer to its original petition on file herein specifically prays for the recovery of the sum of $150.00; by reason thereof, the Court concludes as a matter of law that plaintiff is entitled to recover only the sum of $150.00 on its account."

Appellant presents this appeal upon one point of error as follows:

"*First Point*: The Court erred as a matter of law in limiting the appellant to recovery as specifically prayed for because, under a general prayer for relief, a party is entitled to recover such relief as the pleadings and the evidence warrant."

We think the court erred in not granting judgment for the full $550.59 as was shown due under the sworn account and request for admissions and also as found to be due in the court's findings of fact. It is stated in Morris v. Biggs & Co., Tex.Civ.App., 165 S.W.2d 915 (writ dismissed) as follows:

"The rule is well settled that a prayer for general relief authorizes the court to grant such relief as the pleadings and the evidence warrant. Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850; Trammell v. Watson, 25 Tex.Supp. 210, 211; Crenshaw et al. v.

Staples, Tex.Civ.App., 173 S.W. 1184; 33 Tex.Jur. 468, § 47."

Judgment of the trial court is reversed and judgment here rendered in favor of appellant for the sum of $550.59 with interest from January 1, 1964, at the rate of six per cent per annum and the further sum of $75 attorney's fees.