James W. GOODWIN et al., Appellants,

v.

Betty GOODWIN, Appellee.

No. 7999.

Court of Civil Appeals of Texas, Amarillo.

Jan. 12, 1970.

Rehearing Denied Feb. 23, 1970.

Billy A. Davis, Lubbock, for appellants.

Nelson, McCleskey & Harriger and R. Rex Aycock, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from an order granting a temporary injunction.

James Goodwin filed suit for divorce against Betty Goodwin. While the divorce proceeding was pending, the District Court on September 30, 1968, enjoined the parties from selling any of the community property without first obtaining permission from the court. At that time the community owned a Cessna airplane.

The trial court heard the case on January 8, 1969. On February 1, 1969, appellant James Goodwin transferred title to the Cessna to appellant Betty Griggs. On February 26, 1969, the divorce judgment was entered in which Betty Goodwin was awarded $3,963.00, payable in monthly installments and to be secured by a lien on the Cessna. Appellant James Goodwin was ordered to execute the necessary instruments to evidence a lien on the Cessna for Betty Goodwin. Betty Goodwin then filed a contempt complaint against James Goodwin on the divorce action. The outcome of that action is not shown.

Betty Goodwin subsequently filed this suit and has obtained a temporary injunction enjoining James Goodwin and Betty Griggs from selling or removing the air-

plane. It is the validity of this order which is the subject of this appeal.

Appellants James Goodwin and Betty Griggs contest this temporary injunction on two grounds. Under the first three points of error appellants contend that appellee Betty Goodwin has failed to state a cause of action and that she is attempting to collaterally attack the divorce judgment. In appellee's original petition she prayed in the alternative for two forms of relief. First, she asked that the portion of the divorce judgment concerning the Cessna airplane be set aside and held for naught. This constitutes a collateral attack on the divorce judgment, which, as the appellee admits in her brief before this court, is improper. In the alternative appellee prayed that James Goodwin be required to execute the instruments necessary to give appellee a lien on the Cessna and that James Goodwin and Betty Griggs be enjoined from selling or removing the airplane. This, in itself, does not state a cause of action for James Goodwin does not legally own the airplane and thus he cannot be compelled to execute a lien on it or be enjoined from selling or removing it.

Although the special prayer for relief in appellee's petition did not set forth a cause of action, the facts alleged in her petition did. "(A)lthough the party, in his special prayer for relief, has mistaken the relief to which he is entitled, yet under the prayer for general relief he shall have awarded him the appropriate relief to which, upon the allegations he may appear to be entitled." Trammell v. Watson, 25 Tex.Supp. 211, 217 (Tex.Sup.Ct.1860); Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850 (Tex.Sup.Ct.1889); Allied Paint-Patterson Sargent Division-H. K. Porter Co. v. Wallace, 400 S.W.2d 18 (Tex.Civ.App.-Amarillo, 1966, n. w. h.).

A suit which may result in the setting aside of a conveyance as fraudulent is a proper cause of action. After a suit for divorce has been brought, any attempted alienation by the husband is void if it was made with the intent to injure the rights of the wife and if the transferee had actual notice of the husband's intent to injure the rights of the wife. Vernon's Ann.Rev. Civ.St. Art. 4634; codified in Texas Family Code, Annot. Sec. 3.57 (1969), V. A.T.S. Here, the trial court had enjoined James Goodwin from disposing of any property belonging to the community. Unless the question of fraudulent conveyance was an issue in the divorce proceedings, the wife will not be barred from setting the conveyance aside as fraudulent by the doctrine of res judicata or collateral attack. A judgment creditor, as Betty Goodwin is in this suit, may bring a separate suit to have a conveyance set aside as fraudulent. See Lynn v. Le Gierse & Co., 48 Tex. 138 (1877); Texas Sand Co. v. Shield, 381 S. W.2d 48 (Tex.Sup.Ct.1964). Appellee does not have to foreclose her mortgage in order to bring this suit. An existing creditor, such as Betty Goodwin, may have a conveyance set aside as fraudulent even though her claim may not yet have matured. First State Bank of Mobeetie v. Goodner, 168 S.W.2d 941 (Tex.Civ.App.-Amarillo, 1943, n. w. h.).

If Betty Griggs gave valuable consideration for the Cessna and did not have notice of the intent to injure the rights of Betty Goodwin, then Betty Griggs would be a bona fide purchaser and would cut off all interest that Betty Goodwin had in the Cessna. If, however, the conveyance by James Goodwin to Betty Griggs was fraudulent, Betty Goodwin may have that conveyance set aside. The proper prayer for relief would be one which asks that the conveyance be set aside as fraudulent. As Betty Goodwin's petition did allege that the conveyance was fraudulent and as her petition did contain a general prayer for relief, the trial court would have the power to set the conveyance aside, if the evidence warranted doing so.

If the conveyance is set aside, the title to the Cessna will revert back to James

Goodwin. Appellee should then file that judgment and the divorce judgment with the Federal Aviation Administration. The effect would be to place title to the Cessna in James Goodwin and to give Betty Goodwin a lien for $3,963.00 on the Cessna. This would be all of the relief Betty Goodwin would be entitled to in this suit. If James Goodwin defaulted on his monthly payments, Betty Goodwin would have a right to foreclose. Likewise James Goodwin would have the right and power to sell the Cessna subject to Betty Goodwin's lien.

Appellants' last point of error alleges that the injunction is void as no bond was executed or filed when the injunction was granted. The injunction was granted on May 26, 1969, but at that time the trial court failed to provide for an injunction bond as required by Rule 684, Texas Rules of Civil Procedure. On appeal to this court, appellants contend that the injunction was void as no bond was required. After appellants' brief had been filed in this court, appellee obtained an amended order from the trial court setting an injunction bond, which appellee then filed.

 The failure of a trial court to require the appellee to file an injunction bond does not render the order void; it is voidable only and subject to amendment or correction. Kostoff v. Harris, 266 S.W.2d 204 (Tex.Civ.App.–Dallas, 1954, writ refused, n. r. e.); Carlton v. Bos, 281 S.W.2d 131 (Tex.Civ.App.–Beaumont, 1955, n. w. h.). In Carleton v. Dierks, 195 S.W.2d 834 (Tex.Civ.App.–Austin, 1946, n. w. h.), the trial court had failed to provide for an injunction bond. After an appeal had been taken, the trial court amended the previous order so as to require an injunction bond, which the plaintiff then filed. The Austin Court of Civil Appeals upheld the action of the trial court as Rule 434, T.R.C.P., requires that

" * * * if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and

be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

The court in Carleton v. Dierks went on to note that "(t)o reverse this order merely for the absence of an injunction bond, which had later been given would require a new hearing, new order, new bond, new appeal—an outlay in time of the parties and trial judge, and in expense to the parties and the State—without serving any useful purpose." Supra, p. 836.

The order of the trial court enjoining James Goodwin and Betty Griggs from selling or removing the Cessna is affirmed.