**OAK PARK TRUST AND SAVINGS BANK, OAK PARK, ILLINOIS, et al., Petitioners,**

v.

**Sarah E. O'BYRNE et al., Respondents.**

**No. B–1993.**

Supreme Court of Texas.

May 6, 1970.

Frank M. Adams, W. G. Walley, Jr., Beaumont, for petitioners.

Orgain, Bell & Tucker, Howell Cobb, Beaumont, Simmons & Graves, Jim I. Graves, Orange, for respondents.

PER CURIAM.

Petitioner, guardian of Ellen V. Loeffler, brought this suit against the heirs of Robert J. Byrne to cancel a deed executed by Mrs. Loeffler to Byrne, who shortly thereafter granted a pipeline right-of-way to Texas Gas Corporation. The trial court granted a summary judgment for petitioner. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause to the trial court for a trial upon the merits, holding that petitioner was not entitled to a summary judgment on the merits and that petitioner had failed under Rule 39, Texas Rules of Civil Procedure, to join a "necessary and indispensable" party defendant, Texas Gas Corporation. 450 S.W.2d 411. The question of a missing party was first raised by the Court of Civil Appeals.

We agree that respondents are entitled to a trial on the merits. However, we disagree with the Court of Civil Appeals holding that Texas Gas Corporation is a "necessary and indispensable" party under Rule 39. In a suit by the grantor against the grantee to cancel a deed, the grantee's vendee is not a "necessary and indispensable" party. Chapman v. Lacour, 25 Tex. 94 (1860); Wood v. Loughmiller, 48 Tex. 203 (1877); Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850 (1889); and Sgitcovich v. Sgitcovich, 229 S.W.2d 183 (Tex.Civ.App. 1950) writ ref'd, N.R.E.

We express no opinion as to whether or not under Rule 39 Texas Gas Corporation was a "necessary but not indispensable" party, often called an "insistible" party. See Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966).

Petitioners' Application for Writ of Error is refused, no reversible error.