ELi LILLY AND COMPANY, Appellant,

v.

W. P. BALLARD et al., Appellee.

No. 4356.

Court of Civil Appeals of Texas, Eastland.

July 17, 1970.

Barney Oden, Jr., Oden & Hardie, El Paso, McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellant.

George Leonard, Jr., Wagstaff, Alvis, Alvis, Cochran & Leonard, Abilene, for appellee.

GRISSOM, Chief Justice.

■ W. P. and J. F. Ballard sued Eli Lilly and Company in Haskell County for damages which they alleged they suffered as a result of the use of the defendant's weed killer, known as Treflan. The defendant's plea of privilege to be sued in the county of its residence was overruled and it appealed. The evidence failed to connect the defendant with the manufacture or sale of Treflan, therefore, the plaintiff failed to make proof of the venue facts under the exceptions to Article 1995 which they relied upon to hold the venue in Haskell County.

■ The judgment overruling the defendant's plea of privilege was rendered on July 15, 1969. The defendant's appeal bond was approved and filed on August 1, 1969. The transcript and statement of facts were filed in this court on August 14th. Thereafter, the appellant filed its briefs in this court pointing out the lack of proof of the essential venue facts, whereupon, the plaintiffs offered and evidence was introduced connecting Eli Lilly and Company with the manufacture and sale of said alleged defective product. In Eli Lilly and Company v. Roy Casey we held that said evidence could not be admitted at said time and that the trial court erred in admitting it. On May 8, 1970, we reversed the judgment overruling Eli Lilly and Company's plea of privilege and remanded the cause. That judgment has become final. In addition to the cases there cited, we now call attention to the opinion of our Supreme Court reversing and remanding the judgment in Goodwin v. Goodwin, Tex.Civ. App., 451 S.W.2d 532. The Supreme Court's opinion is found in Volume 46, number 39, at page 9 of The Texas Syllabi, dated July 8, 1970.

The judgment is reversed and the cause is remanded.