GEORGE MAURER V. ARAB PETROLEUM CORPORATION.

No. 7438. Decided January 10, 1940.
(135 S. W., 2d Series, 87.)

*C. C. Wurzbach, J. L. Camp* and *Robt. G. Harris,* of San Antonio, for plaintiff in error.

Where the owner of a mere equitable interest in real property, on which there is a valid subsisting lien, conveys an equitable interest in a part of the minerals in said land, or a part of the land itself, the equitable rule of marshaling assets and sale in the inverse order of alienation does not apply, and the holder of the vendor's lien on foreclosure of said lien is entitled to have the entire property, including the mineral interests, sold. And is not required to sell first the land subject to a claimant's one-half interest in the minerals and, in case proceeds were insufficient to pay judgment, then sell the said claimant's mineral interest. Reed v. Tom, 2 S. W. (2d) 909.

*J. Arthur Sandlin,* of San Antonio, for defendant in error.

Where a purchaser buys a portion of a parcel of land, already encumbered with a lien, and does not assume the lien debt, he acquires the land with the equitable right of marshaling so as to require the holder of the lien debt in a foreclosure sale to have said property sold in the inverse order of its alienation. Miller v. Rogers, 49 Texas 398; 41 C. J. 763; Continental Oil Co. v. Graham, 8 S. W. (2d) 719.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Wilson County by George Maurer, who will be called plaintiff, against Joe Maurer and Arab Petroleum Corporation, herein designated defendants. The purpose of the suit was to recover the balance due upon two notes and to foreclose a vendor's lien securing said notes upon 430 acres of land. The essential facts are as follows:

On April 9, 1927, Jesus Leal and wife conveyed the 430 acres of land to Carlota M. de Gonzales, and the two notes in question, aggregating the sum of $3500, were executed in

part payment of the purchase money. A vendor's lien was expressly retained in said notes and in the deed of coneveyance. Without reciting the history of said notes it is sufficient to say that they passed by regular assignments to the plaintiff George Maurer, and were timely renewed and extended.

From Gonzales the land in question passed to B. H. Drumheller, by general warranty deed of date July 25, 1932. Drumheller assumed payment of the two notes mentioned. On the same date Drumheller conveyed the land by general warranty deed to R. F. Garland, and Garland assumed payment of the notes.

On January 1, 1934, Garland conveyed by general warranty deed one-half of the oil and gas and oil and gas rights and other minerals and mineral rights in and under the 430 acres of land. This conveyance contained the following clause:

"Together with the right to the Grantee, his heirs, executors, administrators and assigns, of ingress and egress and the right at all times to enter upon, explore, develop, operate and occupy said land for the production of oil, gas and other minerals or either of them, and for the storing, handling, transporting and marketing of the same, and all other rights and privileges necessary and incident to or convenient for the economical operation of said land for the production of said minerals, and with the right of removing at any time any and all property and improvements placed or erected on the premises by the Grantee or its assigns, including the right to pull and remove all casing."

It was further recited that said land was then under an oil and gas lease executed to Magnolia Petroleum Company, the sale being made subject to said lease, but it was provided that if said lease should terminate or be forfeited the grantee should continue to own an interest of one half in all of said oil, gas and other minerals and mineral rights. There was no express assumption by the Arab Petroleum Corporation of any part of the vendor's lien indebtedness, but the conveyance contained the provision hereinafter set out. This deed was filed for record May 4, 1934, at 8:30 o'clock a. m.

On January 2, 1934, R. F. Garland by general warranty deed conveyed the 430 acres of land to Sarah A. Price, and Mrs. Price assumed payment of the two notes mentioned. This deed was also filed for record May 4, 1934, at 8:30 o'clock a. m.

October 22, 1936, Sarah A. Price conveyed by general warranty deed the 430 acres of land to Joe Maurer, who assumed payment of the two notes in question. In this conveyance, how-

ever, Mrs. Price expressly retained to herself, her heirs and assigns, all that certain mineral interest claimed by Arab Petroleum Corporation by virtue of the conveyance to it by deed filed of record May 4, 1934. This conveyance was likewise filed for record May 4, 1934, at 8:30 o'clock a. m.

Defendant Joe Maurer made no defense to plaintiff's action. The defendant Arab Petroleum Corporation did not seriously contest plaintiff's right to judgment for his debt, but set up a plea to the effect that if the lien be foreclosed then order of sale be issued directing that the land with one-half interest in the minerals owned by Maurer be first sold, and its one-half interest in the minerals be sold only in the event that the proceeds from the first sale be insufficient to satisfy plaintiff's judgment. No proof was offered in the trial court tending to show whether it would or would not be inequitable, so far as plaintiff was concerned, to follow the proceeding contended for by defendant Arab Petroleum Corporation. The judgment in the trial court was in favor of plaintiff for foreclosure upon the entire property. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment directing that the land should first be sold subject to the Arab Petroleum Corporation's one-half interest in the minerals, and then, in the event of insufficiency after such sale, the remaining one-half interest in the minerals be sold. 115 S. W. (2d) 994. Among other things the court said: "There appears in the record no reason why the doctrines of marshalling should not be applicable in this case, but every reason why it should, and we therefore hold that the trial court erred in rejecting it."

We do not find it necessary to discuss some of the interesting questions presented in briefs of parties. In particular, it is unnecessary to discuss the question of whether or not application of the equitable principle, that when land subject to a lien is divided by its owners into parcels and sales to different persons at different times is made, the parcels are chargeable to pay the debt in the inverse order of their alienation, can or cannot be applied in case of sale of an undivided mineral interest, as in this case.

The equitable rule of inverse order of alienation was evolved for the benefit of protection of different vendees or mortgagees of separate parcels of property subject to lien, and is not applicable when the parties by their agreements have disclosed an intention that it shall not be observed. In Jones on Mortgages (8th Ed.) Vol. 3, Sec. 2089, several authorities are cited, including Moore v. Shurtleff, 128 Ill. 370, 21 N. E. 775, from which we quote as follows: "The general rule of inverse order

above stated does not apply where the parties by an agreement in their deed have charged a mortgage upon land in a different manner; 'as where, by the terms of sale of a part of the premises, the mortgage is made a common charge, or that part conveyed is subjected to a proportionate part of the incumbrance. In such cases, if there be no specific agreement as to the proportion which each part is to bear, contribution must be made according to the relative value of each part.' 2 Jones, Mort. sec. 1625; Briscoe v. Power, 47 Ill. 447."

In the mineral conveyance by Garland to Arab Petroleum Corporation there is the following provision:

"Grantor further agrees that Grantee, its heirs, executors, administrators and assigns shall have the right at any time to redeem for Grantor or its heirs, executors, administrators and assigns by payment, any deed of trust, taxes, judgments or other liens on the above described land, in the event of default of payment of Grantors, and be subrogated to the rights of the holder or holders thereof."

We think it manifest that the parties by this clause intended to recognize that the prior vendor's lien was to remain "a common charge upon the whole premises," and the grantee was furnished thereby a remedy for protection of its interest in the event of default on the part of the grantor. In our opinion it clearly appears that the mineral interest, as between the parties, was not to be regarded as only secondarily liable, and in the absence of proof to the contrary, we conclude that under the situation thus presented the rule which defendant Arab Petroleum Corporation attempts to invoke is not applicable.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court, January 10, 1940.