## OIL COUNTRY PIPE & SUPPLY CO. v. CARTER.

### No. 10684.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 18, 1940.

832

T. Gilbert Sharpe, Wm. B. Blanchet, and Nicholas Cosgrove, all of San Antonio, for appellant.

Aldredge, Shults & Madden, of Dallas, and Lester Whipple and Tabor Stone, both of San Antonio, for appellee.

SMITH, Chief Justice.

This action in trover and conversion was brought by appellee, L. L. Carter, against appellant, Oil Country Pipe and Supply Company, and Philtop Oil & Gas Company, to recover certain oil well supplies, or, in the alternative, for the reasonable market value thereof, which was alleged to be $1,000.

Appellee alleged that on March 4, 1938, he found on Philtop Company's premises certain articles, specifically described in quantities and values, which were the property of appellee, and which Philtop Company refused to surrender to him on demand. Appellee further alleged that on March 14, 1938, he found the identical articles on the premises of Oil Country Company, and alleged facts constituting conversion of the properties by the latter company.

The trial was to a jury, who returned the following verdict:

"Question No. 1: Do you find from a preponderance of the evidence that any of the drill pipe, pins and boxes found upon the leasehold of the Philtop Oil & Gas Company on or about the 4th day of March, 1938, was the property of L. L. Carter?

"We, the jury, answer Yes.

"Question No. 2: (a) What amount of plaintiff's drill pipe, if any, do you find from a preponderance of the evidence was on said lease on or about March 4, 1938?

"We, the jury, answer 1400 feet.

"(b) What number of tool joints, if any, consisting of pins and boxes and belonging to plaintiff, do you find from a preponderance of the evidence was on said lease on or about March 4th, 1938.

"We, the jury, answer 45.

"Question No. 3: (a) Do you find from a preponderance of the evidence that on or about the 4th day of March, 1938, the plaintiff, L. L. Carter, made demand upon W. E. Allaum, as President of the defendant, Philtop Oil & Gas Company, for the drill pipe and boxes, if any, located on the Cassen Lease?

"We, the jury, answer Yes.

"(b) Do you find from a preponderance of the evidence that W. E. Allaum, as President of Philtop Oil & Gas Company, requested, on or about the 4th day of March, 1938, the plaintiff, L. L. Carter, to let the defendant Philtop Oil & Gas Company have the use of said pipe for the purpose of completing the well upon said leasehold?

"We, the jury, answer Yes.

"(c) Do you find from a preponderance of the evidence that on or about the 4th day of March, 1938, W. E. Allaum, as President of Philtop Oil & Gas Company, advised plaintiff that said company would guarantee and promise to take good care of said personal property and its safe return to plaintiff when plaintiff called for the same at the well?

"We, the jury, answer Yes.

"Question No. 4: What do you find from a preponderance of the evidence was the reasonable market value, per foot, of the drill pipe (without boxes and pins) inquired about in subdivision 'a' of question No. 2, on or about the dates involved in this suit?

"We, the jury, answer 50¢.

"Question No. 5: What amount do you find, if any, from a preponderance of the evidence, was the reasonable market value of the tool joints (boxes and pins) inquired about in subdivision 'b' of question No. 2, on or about the dates involved in this suit?

"We, the jury, answer $6.75," (per tool joint).

No other issue was submitted or requested by either party.

Now, it so transpired that while the jury found for appellee upon every allegation against the Philtop Company, the trial judge, on appropriate motion, rendered judgment in favor of that company non obstante veredicto. On the other hand, while the issue of conversion alleged by appellee against Oil Country Company was not submitted to the jury at all, the trial judge nevertheless granted appellee's motion for judgment purportedly on the verdict, and rendered judgment against that company upon every material issue raised in appellee's pleadings against it.

Appellant contends in its first proposition that the verdict does not support the judgment because there is no finding that it converted the property, and that plaintiff

had the burden of eliciting such finding. That specific complaint was not made in the trial court, and is presented for the first time in appellant's brief, upon the premise that the error is apparent of record and fundamental.

Appellee alleged that the property converted by the respective defendants below was identical in quantity, condition and values; that Philtop Company first got wrongful possession of it, and appellant thereafter got wrongful possession of it and refused to surrender it to appellee upon his demand. In rendering judgment against appellant the trial court necessarily assumed as a matter of fact that appellant did take wrongful possession of and refuse to surrender the property found by the jury to have been first converted by Philtop Company. Appellant did not complain, in the trial court, of this assumption.

It follows, then, that the findings of the jury as to quantity and values of the converted property are necessarily applicable to appellant, who does not efficiently question the identity of the property, although it does raise other questions under propositions hereafter to be noticed.

In a case tried to a jury, it is not necessary to submit issues which are conclusively established by the testimony; nor, in order to affirm a judgment here, is it necessary that a jury below shall have found upon every issue necessary to support such judgment. Certain findings may be made by the jury, others may be found by the trial court in support of the judgment, and still others may be conclusively established as a matter of law by evidence and need not be submitted to a jury. Wichita Falls & Oklahoma Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

The judgment in this case is not based entirely on the findings of the jury, since no issue was submitted to them which established that appellant did convert the property. However, this act of conversion may have been, and appellee contends and presents evidence tending to show that it was, established conclusively by the evidence, and if that is so, it was not necessary to submit the issue. Upon the trial of the case appellant did not request the submission of any issues, and in his motion for new trial he did not complain of the omission of the issue of conversion, thereby waiving the error complained of, unless it

is fundamental. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

This case was tried on its merits, and in the absence of a timely and proper assignment on this ground, it will be presumed that the act of conversion and appellant's liability therefor were established by the undisputed evidence as a matter of law, or that the uncontradicted testimony, taken in connection with one or more of the jury findings, conclusively established that liability. Cox v. Rio Grande Valley Telephone Co., Tex.Civ.App., 13 S.W.2d 918, Gonzalez v. Alianza Hispano-Americana, Tex.Civ.App., 112 S.W.2d 802.

It may be true, as claimed by appellant, that facts exist entitling it to a reversal on the ground stated, but they are not manifest, not obvious, not apparent of record. To determine if the evidence was sufficient to warrant the submission of an issue of conversion on the part of appellant, it would be necessary for us to search the statement of facts, and it is well settled that such an examination is not permitted this court in passing on errors not apparent of record, such as this. 3 Tex.Jur. sec. 579, p. 821; Ford & Damon v. Flewellen, Tex.Com.App., 276 S.W. 903; Cox v. Telephone Co., Tex.Civ.App., 13 S.W.2d 918; Kent v. National Supply Co., Tex.Civ.App., 36 S.W.2d 811. For the reasons stated, appellant's first proposition is overruled, as is its second proposition, for like reasons.

In his third proposition, appellant contends that the petition of appellee is insufficient to support a judgment. Appellee alleged that all of the tool joints and pipe were stolen from him and found in the possession of appellant, that he told appellant that they were stolen from him, that he demanded a return of his property and that the demand was refused. We think that, coupled with his other allegations of ownership and unlawful taking of the property, this allegation is sufficient to support the judgment rendered. 43 Tex.Jur. p. 527 et seq., sec. 18 et seq.

In his petition appellee alleged that appellant converted, among other things, 59 joints of pipe, and prayed for a recovery of the "pipe, pins and boxes, etc.", or their value. Appellee testified, without objection, that he sued for 69 joints of pipe, which amounted to 1,500 feet, and that the number was mistakenly alleged to be 59 joints. In answer to question No. 2, the

834

jury apparently based its finding of amount of damages on loss of 69 tool joints. Appellant raises a proposition that this finding of damages was excessive because for more than appellee alleged. We overrule this proposition. Since it appears that the number stated in the petition was a clerical error, and the variance is such that it did not surprise or mislead appellant, the finding will not be disturbed on appeal. Battles v. Barnett, Tex.Civ.App., 100 S.W. 817.

Appellee's motion for rehearing will be granted, and the judgment of the court below affirmed. Former opinions of this court will be withdrawn, and this opinion substituted therefor.

Affirmed.