## MORRIS v. BIGGS & CO.

### No. 5478.

Court of Civil Appeals of Texas. Amarillo.

Oct. 26, 1942.

Rehearing Denied Nov. 23, 1942.

916

Ross Huffmaster, of Kaufman, for appellant.

Randal & Kilpatrick, of Lubbock, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, Biggs & Company, against J. P. Moss, J. A. Goodwin, and K. Morris. Moss and Goodwin had executed a promissory note for $575 in favor of the appellee for certain gin machinery purchased by them from the appellee, consisting of one 14-foot steel Wichita extractor and one 12-inch Wichita conveyor and steel box, of the alleged value of $575, and upon which the appellee

retained a chattel mortgage to secure such note. This mortgage was duly recorded in the chattel mortgage records of Crosby County. The machinery was installed in the gin plant of Moss and Goodwin at Ralls in Crosby County, which plant Moss had theretofore purchased from K. Morris, the latter having retained a vendor's lien for part of the purchase money for the gin. After the installation of the machinery, Moss, being unable to pay Morris the balance due him upon the purchase price of the gin, deeded the plant back to Morris. At such time the debt and mortgage held by the appellee was unsatisfied and Morris had knowledge of it. He had theretofore made a personal examination of the mortgage records of Crosby County and discovered the mortgage and thereafter ascertained from the appellee the exact amount due on the debt, all of which information was secured before the reconveyance of the gin plant to him. The appellee sued Moss and Goodwin for the debt evidenced by the note and sued Morris for the value of the machinery upon the theory of conversion, and also asked for foreclosure of the chattel mortgage. In a trial before the court without a jury, judgment was rendered for the appellee against Moss and Goodwin for the debt evidenced by the note, and against Moss, Goodwin, and Morris for foreclosure of the mortgage upon the machinery. From such judgment Morris alone has appealed.

The appellant first complains of the judgment foreclosing the lien against him on the theory that the pleading of the appellee did not support such procedure. This complaint is founded upon the prayer of the appellee which was as follows:

"Wherefore, premises considered, plaintiff prays that citation be issued and served upon each of the defendants herein, and upon final judgment, that it have judgment against J. P. Moss and J. A. Goodwin for the principal, interest and attorney's fees on the note sued upon, together with foreclosure of chattel mortgage lien upon the extractor and conveyor.

"That it have judgment against the said K. Morris for the value of the extractor and conveyor converted by him, for order of sale and for cost of court, and such other and further relief, in law and in equity, to which it may show itself entitled."

■ The appellant asserts that such prayer does not authorize a foreclosure against him since the second portion thereof asks only for judgment against the appellant for the value of the machinery. The appellee insists that the first paragraph of the prayer was sufficient to include the appellant in the foreclosure, and, in the alternative, that the prayer for general relief was a sufficient predicate to support the judgment. We must at least sustain the latter theory of the appellee. The rule is well settled that a prayer for general relief authorizes the court to grant such relief as the pleadings and the evidence warrant. Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850; Trammell v. Watson, 25 Tex.Supp. 210, 211; Crenshaw et al. v. Staples, Tex.Civ.App., 173 S.W. 1184; 33 Tex.Jur. 468, § 47. The facts pleaded and proved, in our judgment, authorized such foreclosure against the appellant.

■ The second point of the appellant is that the judgment should be reversed because the court denied him a trial by jury. The term of court at which the trial was had opened on January 12, 1942, but this case had been continued from the prior term which was held six months preceding. The appellant, who is a resident of Kaufman County, had filed a plea of privilege, but no answer, at the appearance day of the January term, 1942. His counsel did not appear on the first day of the court but, apparently at the request of appellee's counsel, the case was set for February 2, 1942, for a hearing on the plea of privilege and upon the merits. Thereafter the hearing was reset for the four-week court term. On this day counsel for both appellant and appellee appeared and a hearing was first had upon the plea of privilege, which the court overruled. Thereupon, the case was called upon the merits and the appellant's counsel demanded a jury when apparently none was available, since the court indicated that to grant the request would result in a continuance of the case. Although counsel for appellant stated that he had written the clerk on January 9, 1942, enclosing a jury fee, no evidence of its receipt was introduced and the court found that no jury fee had been paid or tendered to the clerk. The court further stated that he had heard for the first time on the day of the trial that the appellant was demanding a jury. Under these circumstances, in view of Rule No. 216, Texas Rules of Civil Procedure, we think the trial court was warranted in refusing the appellant's request for a jury trial: Public

918

Indemnity Co. v. Pearce, 56 S.W.2d 906, and authorities cited.

■■ The appellant also contends that the machinery lost its identity as personal property and became fixed to the land so as to become a part thereof and, therefore, that the title thereto passed to him when the gin plant was reconveyed by Moss. In this connection, he also asserts that the machinery could not be removed from the plant without great damage to the realty. We think these contentions are without merit. The court found, upon sufficient testimony, that the machinery was located upon a temporary platform in the gin building and that it was in such position that it could "be removed without material damage to the gin or the lots and without molesting, except for a few moments, the continued operation of the gin; that said gin is a complete gin and is capable of ginning cotton without the extractor, conveyor and steel box." Moreover, the appellant had both constructive and actual notice of the appellee's mortgage at the time the gin plant was reconveyed to him and he had theretofore ascertained from the appellee the exact amount due upon the machinery. The mortgage, which he admits having examined upon the mortgage records, provided that upon default in the payment of the note, the appellee might take charge of the machinery, reduce it to its possession, and sell the same at private or public sale after giving due notice, and that such sale should be valid whether such property be at the place of sale or not. It is therefore evident that it was the intention of the parties that the property should remain as personal property until paid for, and the appellant had knowledge of these facts. Such a situation brings the case squarely within the rule expressed in Murray Co. v. Simmons et al., Tex.Com.App., 229 S.W. 461, wherein it was held that machinery was not a fixture when installed under an agreement that it should remain personalty and where it might be removed without injury to the realty. We therefore overrule these assignments. Texas Power & Light Co. v. Malone et al., Tex.Civ.App., 42 S.W.2d 845; Lubbock National Bank v. Nickels et al., Tex.Civ.App., 63 S.W.2d 764; Southwestern Public Service Co. v. Smith et al., Tex.Civ.App., 31 S.W.2d 472; Continental Gin Co. v. Herner et al., Tex. Civ.App., 79 S.W.2d 670.

■■ By his last assignment the appellant contends that the court committed error in not requiring the appellee to first exhaust its means of collecting the judgment against Moss and Goodwin before resorting to the sale of the machinery. We presume that the appellant is urging this matter upon the theory of marshaling of assets. We think the record did not warrant such action. Although the appellant alleged a superior title to the machinery by virtue of his pre-existing vendor's lien and the reconveyance of the title of the realty to him, he nowhere asserted any debt or lien against Moss or Goodwin, nor did he ask for any relief against them, or assert or show that they were capable of satisfying the debt of the appellee. In the case of David v. Roe et al., Tex.Civ.App., 271 S.W. 196, 198, it is said: "A party claiming the benefit of marshaling must allege such facts as entitle him thereto, and especially if the fund to which the paramount creditor alone has recourse is adequate to satisfy his debt." To the same effect is the holding in Humphrey et al. v. Jones et al., Tex.Civ.App., 41 S.W.2d 263, writ refused. Therefore, this assignment also must be overruled. 28 Tex.Jur. 753, Sec. 3.

The judgment is affirmed.

On Motion for Rehearing.

■ In his motion for rehearing, the appellant strenuously attacks the holding in our original opinion to the effect that the pleading of the appellee was sufficient to authorize a foreclosure against the appellant. Although our conclusion in this respect was based primarily upon the prayer for general relief, we call attention to the fact that the appellee expressly asked for an order of sale against the appellant, as shown in the second paragraph of the prayer quoted in our original opinion. This specific request for an order of sale would necessarily include the idea of foreclosure which, with the prayer for general relief, would certainly be sufficient to support the foreclosure under the facts shown by the pleadings and evidence.

The motion for rehearing is overruled.