**MOODY DAY COMPANY, Inc., Appellant,**

v.

**WESTVIEW NATIONAL BANK, WACO,**
**Appellee.**

No. 4883.

Court of Civil Appeals of Texas,
Waco.

March 19, 1970.

Rehearing Denied April 9, 1970.

Andress, Woodgate & Hartt, Sanders & Nolen, Dallas, for appellant.

Naman, Howell, Smith & Chase, Albert Witcher, Waco, for appellee.

OPINION

WILSON, Justice.

Plaintiff-appellee bank recovered a money judgment against defendant Wittie on a note executed by him, with foreclosure of a lien on two compressors. Plaintiff also sued appellant Moody Day Company, Inc., which had asserted it had purchased one of the compressors without notice of the bank's claim; and had alleged that the bank had filed a financing statement covering Wittie's indebtedness in New Mexico, rather than Texas, and the New Mexico filing was ineffective to create a valid security in-

terest under the Uniform Commercial Code. Judgment for foreclosure on one of these compressors was rendered as against Moody Day Company, Inc. Moody Day's cross action against Wittie was severed, and is not before us.

The judgment for the bank was based on a jury finding that Wittie's chief place of business at the time the bank filed the financing statement was in New Mexico. Moody Day appeals.

■ The principal points of appellant are that there is insufficient evidence, or none, that Wittie's chief place of business was in New Mexico when the financing statement was filed there. We overrule these points. Wittie executed and delivered to the bank a security agreement granting to the bank a security interest in the two compressors, stating: "Debtor's chief place of business is at Winston, N. M.", where the compressors were located. The bank immediately filed the security agreement there.

The effect of Art. 9.103(b) of the Texas Business and Commercial Code, V.T.C. A. (Sec. 9–103(b), Uniform Commercial Code), as applicable here is: "If the chief place of business of a debtor is in this state", the perfection of a security interest with regard to such equipment as these compressors is governed by Ch. 9 of the code, sections 9.401 and 9.402 of which require the financing statement to be filed with the Texas Secretary of State. Otherwise, the law "of the jurisdiction where such chief place of business is located shall govern". It is not controverted that the filing of the financing statement was sufficient under New Mexico law.

The comment of the National Conference of Commissioners on Uniform State Laws and the American Law Institute (II Uniform Commercial Code, Thompson, 1962, p. 356) as to the intent of the Code is: "Chief place of business" means "the place from which in fact the debtor manages the main part of his business operations".

Source of the evidence on the issue is primarily defendant Wittie. His testimony was that he was in the mining business, which is located in Winston, Sierra County, New Mexico. He had been so engaged for ten years. He had another business in Killeen, Texas, operated principally by his wife, which he had been "running by telephone mostly". This business he later "turned over to" his son-in-law; "just gave it to him". His mining operations consisted of five claims on each of which he was required by New Mexico law to do a minimum amount of work annually. The two compressors were part of $25,000 worth of equipment used in the mines, until one of them broke down. This compressor Wittie moved to Midland, Texas for repair.

Replying to the question as to where he had been spending his time and devoting his efforts from the time of filing the financing statement to time of repair of the compressor, Wittie replied that most of his efforts had been devoted to the mining operations. He testified, "mining is my chief concern and chief business", and his mining business was located in Winston, New Mexico. There is ample evidence that from there he managed the mining operations. Of the preceding few months he had been in Texas five days, and previously he was "staying out there, I believe, most of the time".

Appellee points to evidence from which a contrary finding would have been warranted, including Wittie's Texas residence and the fact that most of his income was derived from the Texas repair business his wife had supervised. The contentions on legal and factual inadequacy of evidence to support the verdict, however, are not tenable. The New Mexico filing perfected appellee's security interest as against Moody Day.

■ Error is assigned to exclusion from evidence of a document signed by Wittie authorizing a third person to sell the compressor. The argument is that this left the jury with the impression Moody Day was a wrongdoer, having no legitimate claim to the compressor. As an academic matter, perhaps the objection to the instrument

should have been overruled, but title was not an issue with which the jury was concerned. It was not the basis of judgment. Plaintiff's pleading recognized that Moody Day claimed title and right to possession by purchase, but asserted that plaintiff's lien was prior and that Moody Day took possession with actual or constructive notice thereof. No connection with the excluded authorization or any privity on behalf of Moody Day was established. The point does not present reversible error.

■ Moody Day next urges that it was error to allow recovery by the bank for additional advances made to Wittie after the execution of his original note and security agreement and the filing of the financing statement, because the financing statement contained no such information. The original security agreement to the bank provided it covered "all past, present and future advances".

Sec. 9.402 of V.T.C.A., Business and Commerce Code prescribes the formal requisites of the financing statement. Neither the amount of the original debt nor the fact that future indebtedness is covered by the security agreement are among those requirements. Appellant may not rely on their omission.

■ Appellant finally insists that since the bank has a security interest in two of Wittie's compressors, in only one of which appellant claims an interest, appellant is entitled to require marshaling of assets and prior exhaustion of the proceeds of sale of the other compressor. The basic fallacy in this position is that appellant rested without adducing any evidence when appellee closed its case. It has not established its pleaded claim of title or right to possession. No evidence purporting to establish acquisition of title by Moody Day was tendered. No evidence was introduced to show the other compressor was then available as an asset or security to be subjected to marshaling. Moody Day has not shown that it is a creditor or lienholder to whom the doctrine of marshaling will apply. It has failed to show it has an equity or that any such equity is

stronger than that of the party affected by it at the time the doctrine was invoked. This attack on the judgment is overruled, as are all other points. See Killingsworth v. Rembert National Bank (Tex.Com.App. 1930), 32 S.W.2d 645, 647; Brown v. Thompson (1890), 79 Tex. 58, 15 S.W. 168, 170; 55 C.J.S. Marshaling Assets and Securities p. 961; 38 Tex.Jur.2d, p. 108; 35 Am.Jur., Marshaling Assets, Secs. 3, 7, 15.

Affirmed.