**P&T MANUFACTURING CO., INC., Appellant,**

v.

**EXCHANGE SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 21013.

Court of Appeals of Texas, Dallas.

March 30, 1982.

Rehearing Denied May 6, 1982.

Jonathan H. Allen, Lancaster, for appellant.

Patrick F. McManemin, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

Before ROBERTSON, WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

Appellant (P&T) appeals from a summary judgment that it take nothing in this suit seeking monetary damages against appellee (Exchange) for conversion, and in the alternative, for breach of a fiduciary duty. Because we agree with Exchange that P&T had no cause of action for conversion or breach of a fiduciary duty, we affirm.

P&T contends that it has a materialman's lien upon cabinets and countertops which it manufactured and installed in six residen-

tial structures under contract with the owner-builder; that these cabinets and countertops are easily removable items which can be removed without material injury to the land or remaining improvements or to the cabinets and countertops; that Exchange, as the interim finance construction lender, foreclosed its deed of trust liens upon the real estate and became the purchaser of the real estate at foreclosure sale; that P&T filed for record affidavits of its claim to liens; that on the date of the Exchange foreclosure P&T was then entitled to a lien on the cabinets and countertops; that P&T has made demand upon Exchange to permit it to remove the cabinets and countertops and that Exchange has refused. P&T admits that the present suit is not one for foreclosure of its asserted liens and that it has never sought to foreclose its liens. Exchange contends that in the absence of judicial foreclosure by P&T of its asserted liens that as a matter of law P&T has no cause of action for money damages for conversion. Exchange further contends that as a matter of law P&T has no cause of action for money damages for breach of a fiduciary duty.

■ For the purposes of this opinion we assume, without deciding, that the cabinets and countertops can be removed without material injury to the land and to the pre-existing improvements or to the improvements removed. *See First National Bank In Dallas v. Whirlpool Corporation*, 517 S.W.2d 262 (Tex.1974). We hold, however, that as a matter of law a materialman asserting a right to remove improvements that can be removed without material injury to the land and to the pre-existing improvements or to the improvements removed must first obtain judicial foreclosure of his lien before he can assert a cause of action for conversion.

■ Conversion is concerned with possession, not title; it is complete where a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion or defiance of the right of possession of the owner or of the person entitled to the possession of the property involved. *McVea v. Verkins*, 587 S.W.2d 526 (Tex.Civ.App.—Corpus Christi 1979, no writ). In the present case P&T is admittedly not the owner of the cabinets and countertops, nor is P&T entitled to possession of this property merely on the strength of its claim of the lien it asserts on the cabinets and countertops. P&T would only be entitled to claim possession of the cabinets and countertops after obtaining judicial foreclosure on the property. We hold that absent a judicial foreclosure P&T does not have any right to the legal possession of the cabinets and countertops. We conclude, therefore, that P&T has failed to establish a cause of action for conversion as a matter of law.

P&T cites certain cases involving a lien claimant's action for damages based upon the theory of conversion. Those cases are inapposite. In one case there had been a previous foreclosure, *Mogul Producing and Refinery Co. v. Southern Engine and Pump Co.*, 244 S.W. 212 (Tex.Civ.App.—Beaumont 1922, no writ), and in another foreclosure was sought in the same proceeding, *Morris v. Biggs & Co.*, 165 S.W.2d 915 (Tex.Civ. App.—Amarillo 1942, no writ).[1]

■ P&T states in its brief that it also seeks to recover from Exchange for breach of fiduciary duties. Although P&T does not appear to press this point in its brief, we gather P&T's contention to be that an interim lender advancing funds to an owner-builder for a construction project is in the position of a trustee and has a duty to suppliers of labor and materials to see that their claims are satisfied. We do not agree. This court has previously held to the contrary. *Coke Lumber and Manufacturing Co. v. First National Bank In Dallas*, 529

---

1. The remainder of the cases cited by P&T in support of P&T's argument are either conversion cases that do not involve a lien claimant plaintiff, *Oil Country Pipe and Supply Co. v. Carter*, 143 S.W.2d 831 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgmt. cor.); *Williamson v. Pye*, 18 S.W.2d 707 (Tex.Civ.App.—Beaumont 1929, no writ), or a case not involving conversion, *Summerville v. King*, 98 Tex. 332, 83 S.W. 680 (1904).

S.W.2d 612 (Tex.Civ.App.—Dallas 1975, writ ref'd).

Affirmed.